No. 747

WESTERN UN. TEL. CO. v. NIXON

Ohio Appeals, 1st Dist., Butler County

703. LANDLORD AND TENANT—1. Tenant liable for defective condition of premises where he has control.

2. The release of owner does not release tenant.

PER CURIAM. Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injuries brought by Nixon against the Western Union Telegraph Company. The plaintiff was injured in 1920 by tripping over the handle of a cellar door closing the opening to a cellar under a building located in Middletown, Ohio. The building was two stories high; it had two

storerooms fronting on the main street, one of which was occupied by the Western Union Telegraph Co., and there was a stairway between them leading to rooms on the second floor, and there were several other tenants beside the Telegraph Co. in the building. For further description of the case, see Pending Case, ante, page 707.

Nixon asserted that the company was negligent in maintaining the cellar door in a defective condition. The case was tried to the court without the intervention of a jury and the court found in favor of Nixon for $4,000. The company prosecuted error to the Appeals. In affirming the judgment, this court held:

1. That the Telegraph Company was a tenant and was in control of the cellar, and therefore was responsible for its defective condition.

2. That the settlement with the landlord and the release of the owner was a release pro tanto only and that the tenant was not released from his liability.

Attorneys—Francis R. Stark, Jos. L. Egan, Ireton & Schoenle, for Nixon; Oscar K. Kuhn, for Telegraph Co.; all of Cincinnati.

---

No. 748

SCHMITT v. WEILER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5162. June 30, 1924
(Pollock, Roberts and Farr, JJ., sitting)

297. CONTRACTS—When an option expired on Sunday, an election exercised on the following Monday is sufficient.

FARR, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common pleas to recover damages wherein J. E. Weiler et al were plaintiffs, and Victor J. Schmitt was defendant. Schmitt executed an option contract on Jan. 13, 1922, which was to expire on Jan. 15, 1922. On Jan. 14, the optionees wrote a letter to Schmitt electing to take under the option, which letter was received by Schmitt on the 16th day of January, the 15th being Sunday. Some other facts were found by the jury in favor of plaintiffs, and the verdict being rendered for plaintiff, Schmitt prosecuted error contending among other things that the option was not exercised within the time prescribed. The Court of Appeals held:

When the time to elect and give notice falls on Sunday, an election on the following Monday is sufficient. (Authorities cited.) Judgment affirmed.

Attorneyt—J. J. Mahon and Frank L. Marvin, for Schmitt; White, Hammond, Brewer & Curtis, for Weiler et al; all of Cleveland.